```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
KENNETH BACCHUS,

                              Plaintiff,         15 CV 4264 (FB)(DL)

              - against -                        AMENDED COMPLAINT

CITY OF NEW YORK, CITY OF NEW YORK               JURY TRIAL DEMANDED
POLICE SERGEANT ROBERT AGATE, CITY
OF NEW YORK POLICE OFFICER WILLIAM
SCHUMACHER, CITY OF NEW YORK POLICE
OFFICER GEORIN DURAN, CITY OF NEW YORK
POLICE OFFICER JOHN DOE, CITY OF NEW
YORK POLICE OFFICER JANE DOE,
Individually and in Their Official
Capacities as Police Officers of
the City of New York,

                              Defendants.
------------------------------------------x
```

The plaintiff, KENNETH BACCHUS, by his attorney, VALERIE A. HAWKINS, ESQ., as and for his complaint against the defendants alleges as follows:

**I.**

**PRELIMINARY STATEMENT**

1. This is an action for declaratory relief, injunctive relief, compensatory damages, and punitive damages to redress the unreasonable and unwarranted deprivation of the plaintiff's federal and state constitutional, statutory, and common law rights by the defendants.

2. The plaintiff files this complaint pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America (hereinafter U.S. Const. Amend. 4 and 14 respectively), 42 U.S.C. § 1983 (hereinafter § 1983), United States common law,

Article 1 Section 12 of the New York State Constitution, and New York State common law.

## II.

## JURISDICTION and VENUE

3. The jurisdiction of this Court, as to the federal claims invoked by the plaintiff herein, is pursuant to 28 U.S.C. §§ 1331, 1343, and 1983. The jurisdiction of this court, as to the New York State claims invoked, is pursuant to 28 U.S.C. § 1367.

4. Venue for this action properly lies in this Court, pursuant to 28 U.S.C. § 1391, as the unlawful acts and omissions complained of herein occurred within the Eastern District of the State of New York.

## III.

## PARTIES

5. The plaintiff, KENNETH BACCHUS, is a resident of the County of Kings, City and State of New York.

6. The defendant City of New York, upon information and belief, at all times relevant herein, was a municipal corporation organized and existing under the laws of the State of New York and its principal place of business is in the County, City, and State of New York.

7. The defendant Robert Agate (hereinafter Agate), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City of New

York.  Upon further information and belief, the said defendant was a sergeant and his principal place of business of was in the County, City, and State of New York.

8. The defendant William Schumacher (hereinafter Schumaher), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City of New York.  Upon further information and belief, the said defendant was a police officer and his principal place of business of was in the County, City, and State of New York.

9. The defendant Georin Duran (hereinafter Duran), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City of New York.  Upon further information and belief, the said defendant was a police officer and his principal place of business of was in the County, City, and State of New York.

10. The defendant John Doe (hereinafter John), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City of New York.  Upon further information and belief, the said defendant was a police officer and his principal place of business of was in the County, City, and State of New York.

11. The defendant Jane Doe (hereinafter Jane), upon information and belief, at all times relevant herein, was employed by and acted as an agent and servant of the defendant City of New

York. Upon further information and belief, the said defendant was a police officer and her principal place of business of was in the County, City, and State of New York.

**IV.**

**STATEMENT OF FACTS**

12. On the evening of July 25, 2013, Bacchus was lawfully present at his home located on Logan Street, in the Borough of Brooklyn, County of Kings, City and State of New York. Bacchus resided at the home with his parents and other family members.

13. The said home is a private, single family home that is enclosed by a metal fence. The metal fence has a gate. The fence is approximately ten (10) feet from the front entrance door of the home. In between the entrance to the home and the said fence is a yard. In the rear of the home is a backyard.

14. On the said July 25, 2013, a block party was winding down on the block where Bacchus' said home is located. Bacchus and his family were having a barbeque and music was being played in the backyard of their home.

15. At approximately 9:30 p.m., Bacchus was walking from the backyard of his home to the front yard, when he observed two (2) of the defendants, in New York City police uniforms, walk through the open gate into the front yard of his home.

16. Bacchus asked the officers to leave. He told the officers they had no warrant and no one called them. The officers

left.

17. Approximately fifteen to twenty minutes later, the defendants returned with two other officers and they attempted to walk through the gate. Bacchus again asked the officers to leave and the officers stepped back. One of the officers asked that the music be turned down.

18. During this encounter Bacchus' mother was leaving the family home to go to her job at a local hospital. After she exited through the front gate of the residence, Bacchus put a chain on the gate and turned to enter into his home with his father.

19. As he ascended the steps that led to the front entrance door to his home, Bacchus believes he heard the chain on the gate. Bacchus turned to the gate and observed one of the defendants removing the chain from the gate. Bacchus and his father entered the front entrance door of their home and his father locked the said door.

20. Bacchus heard thumping sounds and he opened his front door and attempted to go toward his front yard when, without just cause or excuse, the defendants stopped him and slammed his body to the landing just outside the entrance door of his home. Approximately six of the defendants pounced upon Bacchus' back.

21. The defendants handcuffed Bacchus, picked him up, and placed him in a marked police vehicle. Bacchus had not committed any crime and there was absolutely no basis for his arrest.

22. While in the police vehicle and in handcuffs, one of the defendants pulled at Bacchus' dread locked hair while another punched him in his chest several times.

23. The defendants transported Bacchus to the 75th precinct where he remained for four to five hours before being transported to Central Booking.

24. The next day, the defendants transported Bacchus to court where he was arraigned.  An attorney who was assigned to Bacchus for purposes of arraignment and a bail application, advised him to accept an "ACD" or risk being deported.  Bacchus responded that he wanted to consult with another attorney.  Bacchus was released and he sought medical attention for his injuries.

25. The defendants commenced a criminal proceeding against Bacchus in the Kings County Criminal Court, under docket number 2013KN058381.  Bacchus was charged with: one (1) count of obstruction of governmental administration in the second degree in violation of Penal Law § 195.05; one (1) count of resisting arrest in violation of Penal Law §205.30; and two (2) counts of disorderly conduct in violation of Penal Law § 240.20 subdivisions (1) and (2).

26. After several court appearances, Bacchus filed a motion to dismiss the charges against him on the grounds that the complaint against him was facially insufficient in that it failed to allege that he committed any crime.

27. The Kings County District Attorney's office did not oppose Bacchus' motion and the charges against Bacchus were dismissed on May 15, 2014. The said dismissal terminated the criminal action in favor of Bacchus.

**V.**

**STATEMENT OF FEDERAL CLAIMS FOR RELIEF**

28. Bacchus repeats and realleges each of the allegations set forth in paragraphs 1 through 27 of this complaint as if the same were fully set forth herein.

**A. The Defendants Unlawfully Entered Upon Bacchus' Home**

29. The defendants' conduct in entering upon Bacchus' home as aforesaid constitutes the violation of Bacchus' rights to be secure in his home pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

**B. The Defendants Unlawfully Removed Bacchus from His Home and Arrested Him**

30. The defendants' conduct in removing Bacchus from his home and arresting him as aforesaid constitutes the violation of Bacchus' rights to be free from unreasonable seizures pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

**C. The Defendants Unlawfully Battered Bacchus**

31. The defendants' conduct in violently striking Bacchus as aforesaid constitutes the violation of Bacchus' rights to be secure

in his person and to be free from the arbitrary use of force pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

**D.     The Defendants Unlawfully Commenced a Baseless Criminal Proceeding Against Bacchus**

32.    The defendants' conduct in commencing a baseless criminal proceeding against Bacchus without probable cause as aforesaid, constitutes the violation of Bacchus' rights to be free from the abuse of official power and process pursuant to U.S. Const, Amend. 4, § 1983, and the common law of the United States of America.

33.    As a result of the defendants' deprivation of Bacchus' said federal constitutional, statutory, and common law rights, Bacchus has suffered and continues to suffer physical, emotional, psychological, and economic, harm, humiliation, embarrassment, inconvenience, and other injuries.

**VI.**

**STATEMENT OF NEW YORK STATE CLAIMS FOR RELIEF**

34.    Bacchus repeats and realleges each of the allegations set forth in paragraphs 1 through 33 of this complaint as if the same were fully set forth herein.

**A.     The Defendants Unlawfully Commenced a Baseless Criminal Proceeding Against Bacchus**

35.    The defendants' conduct in commencing a criminal proceeding against Bacchus without probable cause as aforesaid, constitutes malicious prosecution in violation of New York State

common Law.

36. As a result of the defendants' deprivation of Bacchus' said New York State constitutional and common law rights, Bacchus has suffered and continues to suffer physical, emotional, psychological, and economic, harm, humiliation, embarrassment, inconvenience, and other injuries.

## VII.

### STATEMENT OF LIABILITY OF THE MUNICIPAL DEFENDANTS

37. Bacchus repeats and realleges each of the allegations set forth in paragraphs 1 through 36 of this complaint as if the same were fully set forth herein.

38. All of the acts and/or omissions of the individual defendants were conducted in furtherance of the business of the municipal defendant City of New York and the said municipal defendant was exercising or could have exercised control, either directly or indirectly, over the individual defendants herein who are the agents, employees, and servants of the said municipal defendant.

39. The defendant City of New York is liable for all actions of its employees, agents, and servants, as set forth above, under the doctrine of respondeat superior.

40. Bacchus duly served upon the municipal defendant a Notice of Claim and Demand for Adjustment of Damages within 90 days after the accrual of his claims pursuant New York State General Municipal

Law § 50-e.

41. Although more than 30 days have elapsed since the service of said Notice of Claim and Demand for Adjustment, the defendants have failed to make any adjustment and/or payment of said claim.

42. Bacchus duly submitted to a hearing pursuant New York State General Municipal Law § 50-h on October 10, 2014.

## VIII.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff demands judgment against the defendants as follows:

1. Declaratory judgment that the defendants violated the rights and privileges of the plaintiff under the Constitution, statutes, and common law of the United States of America and of the State of New York;

2. Injunctive relief permanently restraining and enjoining the defendants from depriving the plaintiff of his rights and privileges under the Constitution, statutes, and common law of the United States of America and of the State of New York;

3. Judgment for compensatory damages in excess of ONE MILLION DOLLARS ($1,000,000.00)for the deprivation of the rights and privileges of the plaintiff under the Constitution, statutes, and common law of the United States of America and of the State of New York;

4. Judgment for punitive damages in excess of FIVE MILLION

DOLLARS ($5,000,000.00) for the deprivation of the rights and privileges of the plaintiff under the Constitution, statutes, and common law of the United States of America and of the State of New York;

    5.    Court costs and reasonable attorneys' fees; and

    6.    Such other, further, and different relief as this Court deems just, equitable, and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated:    Hempstead, New York
           November 12, 2015

                                                _____
                                                VALERIE A. HAWKINS, ESQ. (VH9780)
                                                77 Saint Pauls Road North
                                                Hempstead, New York 11550
                                                Tel. (516) 292-0984
                                                vahesq175@aol.com

```
                  Docket No. 15 CV 4264 (FB)(DL)



             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NEW YORK
     _____
     _____

         KENNETH BACCHUS,

                                      Plaintiff,

                   -against-

         CITY OF NEW YORK, CITY OF NEW YORK
         POLICE SERGEANT ROBERT AGATE, CITY
         OF NEW YORK POLICE OFFICER WILLIAM
         SCHUMACHER, CITY OF NEW YORK POLICE
         OFFICER GEORIN DURAN, CITY OF NEW YORK
         POLICE OFFICER JOHN DOE, CITY OF NEW
         YORK POLICE OFFICER JANE DOE,
         Individually and in Their Official
         Capacities as Police Officers of
         the City of New York,

                                      Defendant.

     _____
     _____



                       AMENDED COMPLAINT



                  VALERIE A. HAWKINS, ESQ.
                   Attorney for Plaintiff
                  77 Saint Pauls Road North
                  Hempstead, New York 11550
                     Tel.(516) 292-0984
```